IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **Alexis Contreras**, individually and on behalf of similarly situated individuals;<br><br>Plaintiffs,<br><br>v.<br><br>**LexisNexis Risk Solutions, Inc.**;<br><br>Defendants. | **COMPLAINT**<br><br>CASE NO.<br><br>**CLASS ACTION**<br><br>Jury Trial Demanded |

Plaintiff Alexis Contreras brings this action on his own behalf and on behalf of all others similarly situated, and asserts to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the following:

**INTRODUCTION AND NATURE OF THE ACTION**

**1.** This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought against LexisNexis Risk Solutions, Inc. under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

**2.** FCRA contains a variety of requirements to protect consumers, including 15 U.S.C. § 1681e(b). When a consumer reporting agency prepares a consumer report, § 1681e(b) requires the consumer reporting agency to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about

1

whom the report relates. 15 U.S.C. § 1681e(b). This section imposes a standard on consumer reporting agencies. *See, e.g.*, *Burke v. Experian Info. Sols., Inc.*, 2011 U.S. Dist. LEXIS 28896, *13-14 (E.D. Va. Mar. 18, 2011) (breaking down the requirements of § 1681e(b), and explaining that " 'assure' means 'to make sure or certain: put beyond all doubt,' " " '[m]aximum' means the 'greatest in quantity or highest degree attainable[,]' and 'possible' means something 'falling within the bounds of what may be done, occur or be conceived.' " (quoting *Webster's Third New International Dictionary* 133, 1396, 1771 (1993)).

    **3.**    LexisNexis is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. As part of this process, LexisNexis uses a largely automated and systematic procedure to gather and report derogatory public records in police reports used by auto insurers to make underwriting determinations. LexisNexis does not have adequate procedures to filter that information; for example, it does not confirm identities by checking middle names, street addresses, Social Security number or driver's license numbers. These tainted reports are not presumptively shared with consumers who thus have no automatic way of knowing that the information used by their auto insurers to set premium and determine insurability is wrong. And once a mistake is made, there is a cascading effect, as other entities – such as successive auto insurers – rely on the original mistake.  LexisNexis's process failure violates 15 U.S.C. § 1681e(b) because LexisNexis has not implemented reasonable procedures to ensure the

maximum possible accuracy in the preparation of the consumer reports that it furnished regarding Contreras and the putative class members.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this class action through 29 U.S.C. § 1331 because resolution of this matter depends on the application of federal statutes. and 28 U.S.C. § 1681p.

5. Venue is appropriate in this judicial district because the Plaintiff is a citizen of Florida and resides within this judicial district, the defendant regularly does business within this judicial district and at least some of the breaches complained about occurred here.

## PARTIES

6. Plaintiff Alexis Contreras resides full-time in, and is a citizen of, Miami, Florida, within this judicial district.

7. Defendant LexisNexis Risk Solutions, Inc., is a corporation headquartered in Alpharetta, Georgia. LexisNexis is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f). LexisNexis is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties. In this

Complaint, LexisNexis refers to the named defendant and all predecessor, successor, subsidiary, parent and related entities to which these allegations pertain.

8. LexisNexis aggregates and sells consumer data. It sells about 150 different types of reports based on its data to its clients. It holds about 83 billion public records on about 282 million unique identities, which is an average of about 290 records per identity.

## BACKGROUND

9. LexisNexis is a data broker. In effect, it is essentially a shopping mall for information. Companies that offer mortgages, insurance and other products retain LexisNexis to help assess a consumer's risk profile. While this ease of sharing information can streamline the approval process, it exacerbates the effect of incorrect information. Once a mistake is made, it will spread efficiently from LexisNexis to its clients, which include other companies that collect and sell consumer data. In that manner, the false information flows "downstream."

10. Though publicly available, LexisNexis does not double-check a person's identity by making sure the person has the correct Social Security number, address, middle name and driver's license. And this can cause significant trouble for class members.

11. The named Plaintiff's story is representative of the class experience.

12. On January 17, 2020, a person with the same name as the son of the named Plaintiff was involved in a car accident in Arizona. The accident report identifies the

driver's age, lists his middle initial, provides his driver's license number. All of those data pieces are different from the son of the named Plaintiff. The person with the same name as Plaintiff's son was issued three citations arising out of the accident.

13. On June 22, 2020, 2019, Plaintiff' renewed his automobile insurance with Progressive Direct Auto for six months. It ascribed the person with the same name as the named Plaintiff's son's accident to the named Plaintiff and to his son, and increased his monthly premium by $256. Plaintiff investigated and was told that the incorrect data was supplied to Progressive by LexisNexis through a consumer report that LexisNexis provided.

14. Under FCRA, a "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for-

> A) credit or insurance to be used primarily for personal, family, or household purposes;
> (B) employment purposes; or
> (C) any other purpose authorized under section 1681b of this title.

15. The information that LexisNexis provided to Plaintiff's automobile insurer that incorrectly ascribed the accident to the named Plaintiff and his son was part of a consumer report.

**16.** Plaintiff tried to correct the problem with the auto insurer, and was told any correction had to come from LexisNexis. Plaintiff then invoked LexisNexis's correction procedure. This process took months, and despite presenting LexisNexis with documentary evidence that it had ascribed the accident to the wrong person, failed. LexisNexis, to date, hasn't corrected its mistake. Compounding its error, LexisNexis told Plaintiff that it could not update the information to the automobile insurer unless the insurer requested it.

**17.** At the end of the six months, Plaintiff changed auto insurance. Though his new insurer, Geico, charged him less than what Progressive quoted, it was still $96.83 more a month than what Progressive had charged him before the incorrect information was reported by LexisNexis.

**18.** LexisNexis's mistake costs Plaintiff *at least* $256 every month for the six months he remained with the subject automobile insurer. Because the mistake is "released," there is no way to know how often, and to what effect, the mistake will be repeated by data merchants.

## CLASS ALLEGATIONS

**19.** *Definition of the Class.*  The Class, as defined under Federal Rule of Civil Procedure 23(a)(1)-(4) and (b)(1), (b)(2) and/or (b)(3), consists of all persons who, at any time after two years before the commencement of this action, (1) were the subject of a LexisNexis "consumer report" (2) that included information concerning that person's

driving history (3) where the "consumer report" misidentified that person (4) by failing to account for his/her driver's license number, address, middle initial and/or age.

20. *Size of Class.* The Class consists of hundreds, and perhaps thousands, of persons, rendering joinder of all members of the Class impracticable. The disposition of the claims in a class action will benefit both the parties and the Court.

21. *Class Representative Contreras.* Named Plaintiff Contreras is a member of both the Class will fairly and adequately represent the interests of the Class.

22. *Common Questions of Law and Fact.* This action requires a determination of whether LexisNexis's data collection practices violate the protections embedded in FCRA, and if they violate those protections what is the appropriate monetary and injunctive remedy.

23. *Separate Suits Would Create Risk of Varying Conduct Requirements.* The prosecution of separate actions by Class against LexisNexis would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct. Certification is proper under Rule 23(b)(1).

24. *LexisNexis Has Acted on Grounds Generally Applicable to the Class.* LexisNexis, by exposing all the private financial information of all class and subclass members, has acted on grounds generally applicable to the Class, rendering declaratory relief appropriate respecting the class and subclass. Certification is proper under Rule 23(b)(2).

25. *Questions of Law and Fact Common to the Class Predominate Over Individual Issues.* The claims of the individual class members are more efficiently adjudicated on a class-wide basis. Any interest that individual members of the class may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism. Upon information and belief, there is no class action suit filed against LexisNexis for the relief requested in this action. This action can be most efficiently prosecuted as a class action in this district, where LexisNexis does business, and where Contreras resides. Issues as to LexisNexis's conduct in applying standard policies and practices towards all members of the Class predominate over questions, if any, unique to members of the Class. Certification is therefore additionally proper under Rule 23(b)(3).

26. *Class Counsel.* Contreras has retained experienced and competent class counsel.

## LEGAL CLAIMS
### COUNT 1
### VIOLATION OF 15 U.S.C. § 1681E(B)

27. Plaintiff incorporates by reference all preceding paragraphs as alleged above.

28. LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding Plaintiff and the putative class members.

29. Because of LexisNexis's failures, Plaintiff and putative class members suffered damages to their reputations, reductions to credit scores, and have been charged more for their auto insurance.

30. LexisNexis's violation of 15 U.S.C. § 1681e(b) was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, LexisNexis was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

31. Plaintiff and the putative class members are entitled to recover actual and/or statutory damages, punitive damages, costs, and attorneys' fees from LexisNexis in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n, o.

## JURY DEMAND

31. Plaintiff demands a jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Contreras, on his own behalf and on behalf of the Class, requests that the Court enter judgment against LexisNexis as follows:

a. That the Court certify this action as a class action, proper and maintainable pursuant to Rule 23 of the Federal Rules of Civil Procedure; declare that Plaintiff is a proper class representative and appoint Plaintiffs' co-lead counsel as Class Counsel;

b. That the Court grant permanent injunctive relief to require LexisNexis to expand its survey to include drivers' names (including middle names), addresses,

drivers' license numbers and age when providing car accident information on its consumer reports, and further to change its practice to affirmatively inform its customers when it makes a mistake on its credit reports;

  **c.**  That the Court award Plaintiff and Class members compensatory, statutory and punitive damages in an amount to be determined at trial;

  **d.**  That the Court award to Plaintiff the costs and disbursements of the action, along with reasonable attorneys' fees, costs, and expenses;

  **e.**  That the Court award pre- and post-judgment interest at the maximum legal rate; and

  **f.**  That the Court grant all such other relief as it deems just and proper.

Dated: February 9, 2021.

            John A. Yanchunis
            **MORGAN & MORGAN**
            **COMPLEX LITIGATION GROUP**
            201 N. Franklin Street, 7th Floor
            Tampa, Florida 33602
            (813) 223-5505
            jyanchunis@ForThePeople.com

            Jessica L. Kerr
            Fla. Bar No. 92810
            **THE ADVOCACY GROUP**
            100 S. Biscayne Blvd., Ste 3112
            Miami, FL 33131
            Telephone: (954) 282-1858
            Email: service@advocacypa.com

            Jordan Lewis
            **JORDAN LEWIS, P.A.**
            4473 N.E. 11TH Avenue

Fort Lauderdale, FL 33334
Tel.: (954) 616-8995
Email: jordan@jml-lawfirm.com

*Attorneys for Plaintiff and the Putative Class*

11